IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAN JUAN REGIONAL MEDICAL CENTER,

        Plaintiff/Counter-Defendant,

and

THE MIDLAND GROUP, JACKSON, LOMAN,
STANFORD & DOWNEY, P.C.,

        Third-Party Defendants,

vs.          Cause No. 19-CV-734

21st CENTURY CENTENNIAL INSURANCE
COMPANY, JUDY LYNN PARKER,

        Defendants,

and

THE LAW OFFICES OF JAMES P. LYLE, P.C.,
Individually and on Behalf of All Others Similarly
Situated,

        Defendant/Counter-Plaintiff/Third Party Plaintiff.

**ANSWER, COUNTERCLAIM, THIRD PARTY COMPLAINT, AND CLASS ACTION COMPLAINT BY LAW OFFICES OF JAMES P. LYLE, P.C.**

    COMES NOW the Law Offices of James P. Lyle, P.C., individually and on behalf of all other similarly situated individuals, and offers the following as its Answer to the Complaint filed by Plaintiff herein, along with its Counterclaim, Third-Party Complaint and Class Action Complaint.

    **ANSWER TO COMPLAINT:**

1. This Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 1 and 2 of the Complaint and therefore denies the same and demands proof thereof.

2. This Defendant admits the allegations contained in Paragraph 3 of the Complaint.

3. This Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 4 of the Complaint and therefore denies the same and demands proof thereof.

4. With regard to Paragraphs 5 and 6 of the Complaint, this Defendant states that these paragraphs are no longer applicable as they were directed to the filing of the original complaint in State District Court, Second Judicial District, County of Bernalillo. However, this Defendant admits that this Court has jurisdiction over the subject matter and the parties to this action and that venue is proper.

5. This Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 7 of the Complaint and therefore denies the same and demands proof thereof.

6. This Defendant denies the allegations contained in Paragraphs 8 and 9 of the Complaint.

7. This Defendant admits the allegations contained in Paragraphs 10, 11 and 12 of the Complaint.

8. This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraphs 13 and 14 of the Complaint and therefore denies the same and demands proof thereof.

9. This Defendant admits the allegations contained in Paragraph 15 of the Complaint.

10. This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraphs 16 and 17 of the Complaint and therefore denies the same and demands proof thereof.

11. This Defendant denies the allegations contained in Paragraph 18 of the Complaint.

12. This Defendant admits the allegations contained in Paragraph 19 of the Complaint.

13. In response to the allegations of Paragraph 20, this Defendant admits that there were some communications regarding resolution of the lien in June, 2018, but otherwise denies the allegations contained in this paragraph of the Complaint.

14. In response to the allegations contained in Paragraph 21, this Defendant admits that a letter was sent on June 26, 2018 to Plaintiff's agent, Third Party Defendant The Midland Group asking if the lien could be resolved pursuant to New Mexico law. This Defendant further states that it did not receive a timely or good faith response to this letter and otherwise denies the allegations contained in Paragraph 21 of the Complaint.

15. This Defendant admits the allegations contained in Paragraph 22 of the Complaint.

16. This Defendant denies the allegations contained in Paragraph 23 of the Complaint.

17. This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraphs 24 and 25 of the Complaint and therefore denies the same and demands proof thereof.

18. This Defendant denies the allegations contained in Paragraph 26 of the Complaint and states that the money offered to resolve the lien based upon proper application of New Mexico law remains in this Defendant's Trust Account for payment to Plaintiff.

19. This Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraphs 27 and 28 of the Complaint and therefore denies the same and demands proof thereof.

20. With regard to the allegations contained in Paragraphs 29, 30, 31, 32, 33 and 34 of the Complaint, this Defendant states that these allegations are not directed towards it and, therefore, no affirmative response is required thereto. Should any portion of any of these allegations be deemed to apply against this Defendant, then each and every such allegation is denied.

21. In response to the allegations contained in Paragraph 35 of the Complaint, this Defendant reasserts and realleges all of the affirmative defenses set forth above.

22. This Defendant denies the allegations contained in Paragraph 36 of the Complaint insofar as it contains incomplete and inaccurate statements of law.

23. In response to the allegations contained in Paragraph 37 of the Complaint, this Defendant denies that Plaintiff has submitted any valid demand for payment which complies with New Mexico law.

24. Defendant denies the allegations contained in Paragraphs 38 and 39 insofar as they imply that Defendant has not withheld the appropriate amount necessary to satisfy a legitimate lien against the proceeds received by Defendant Parker. Otherwise, this Defendant denies the allegations contained in Paragraphs 38 and 39 of the Complaint

25.     This Defendant denies the allegations contained in Paragraphs 40 and 41 of the Complaint.

26.     With regard to the allegations contained in Paragraphs 42, 43, 44, 45 and 46 of the Complaint, this Defendant states that these allegations are not directed towards it and, therefore, no affirmative response is required thereto.  Should any portion of any of these allegations be deemed to apply against this Defendant, then each and every such allegation is denied.

## AFFIRMATIVE DEFENSES

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      As a separate and alternative affirmative defense, this Defendant states that Plaintiff failed to mitigate its damages requested in the Complaint, constituting a bar to recovery of damages caused by such failure.

3.      Plaintiff has failed to negotiate its claim in good faith and Plaintiff's claims are, therefore, barred by the Doctrine of Unclean Hands.

4.      As a separate and alternative affirmative defense, this Defendant states that, at all times materials herein, it acted in good faith and in a reasonable manner given the information and circumstances existing at the time, thereby barring recovery herein.

5.      As a separate and alternative affirmative defense, this Defendant states that Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

6.      As a separate and alternative affirmative defense, this Defendant states that it did not breach any duty which was owed to Plaintiff, barring recovery herein.

## COUNTERCLAIM AND THIRD-PARTY COMPLAINT

Comes Now Counter-Plaintiff/Third-Party Plaintiff, the Law Offices of James P. Lyle,

P.C., and offers the following as its Counterclaims/Third-Party Complaint.

**PARTIES:**

1.     Counter-Plaintiff/Third-Party Plaintiff (hereinafter "JPL Law") is a professional corporation which at all material times has been doing business in the State of New Mexico with its principal place of business located in the County of Bernalillo, State of New Mexico.  JPL Law brings theses claims on behalf of itself, individually, and on behalf of all similarly situated persons or entities.

2.     Counter-Defendant San Juan Regional Medical Center (hereafter "San Juan" is, on information and belief, a New Mexico corporation with its principal place of business in San Juan County, New Mexico.

3.     Third-Party Defendant, The Midland Group, is, on information and belief, a Kansas business entity owned by the Independence Charitable Trust ("ICT") with its principal place of business in Lawrence, Kansas, County of Douglas.

4.     Third-Party Defendant, Jackson, Loman, Stanford & Downey, P.C. (hereinafter "Jackson Loman") is, on information and belief, a professional corporation with its principal place of business in Bernalillo County, New Mexico.

**BACKGROUND FACTS:**

5.     On information and belief, the Midland Group, San Juan and Jackson Loman have worked in concert for many years to reduce hospital expenses and increase hospital revenues for San Juan.

6.     As stated in its website, the Midland Group's mission is to "help hospitals manage hospital revenue and relationships with all patients with self-pay balances and to improve access

to healthcare for low-income individuals. In partnership with contracting hospitals we accomplish this mission by helping them maximize self-pay and third-party case flow through a variety of unique services."

7. JPL Law believes that much of the work done by the Midland Group, San Juan and Jackson Loman (the "Enterprise") is legal.

8. While some, if not most of the work done by the Enterprise is legal, the Enterprise has, on information and belief, engaged in a widespread pattern of illegal activity. The illegal activity known to JPL Law committed by the Enterprise consists of systemic extortion of excessive reimbursements from payments made on behalf of third-party wrongdoers, typically by way of insurance liability payment to injured parties, theirs agents and representatives. Specifically, the Enterprise routinely causes demands for lien payments which exceed the amounts that can be validly claimed under New Mexico law because, on information and belief, the Enterprise does not honor New Mexico's Doctrine of Equitable Subrogation. Instead, the Enterprise withholds the fact that it is required to take into account the Doctrine of Equitable Subrogation when an injured person who receives policy limits for an injury has not been made whole by the policy limit payment.

9. In this case, the damages suffered by Defendant Parker could conservatively be calculated at One Hundred And Eighty Thousand Dollars ($180,000.00). The available insurance proceeds from the tortfeasor were Fifty Thousand Dollars ($50,000.00). This means that Defendant Parker received approximately 28% of the total value of her claim.

10. In this case, the Enterprise has insisted that Defendant Parker and JPL Law reimburse it for the entire amount of its claimed lien, $15,171.62, less the amount paid for

attorneys' fees, court costs or other expenses necessary in obtaining the settlement or compromise. This would mean that the Enterprise would receive approximately $10,164.98, or approximately 20% of the total settlement.

11. Subtracting this amount, and the amount that Defendant Parker has paid in attorney's fees, costs and gross receipt taxes, Defendant Parker would be left with $ 23,548.02, or 13% of the estimated total value of her claim. This compares with the Enterprise receiving approximately 67% of its claimed lien.

12. The Enterprise knows that New Mexico has adopted the Doctrine of Equitable Subrogation specifically to avoid unfair results such as those that would result in this case. Under proper application of the Equitable Subrogation Doctrine, the total amount which can be legitimately claimed by the Enterprise in the same percentage as is recovered by Defendant Parker, or, 28%. Therefore, proper application of the Equitable Subrogation Doctrine means that the Enterprise must first reduce its claim to the same percentage recovered by Defendant Parker which would equate to $ 4,248.05. The Enterprise must then pay its fair share of the attorney's fees and costs associated with this recovery which yields a total amount of $ 2,846.19. This would mean that the Enterprise would receive 16% of its claimed lien which is fair and equitable compared to the total percentage received by Defendant Parker and the total amount of the proceeds received by Defendant Parker.

13. Thus, the Enterprise has attempted, and is attempting, to extort money to which it is not legally entitled. On information and belief, the Enterprise routinely engages in this practice whereby it has extorted hundreds of thousands of dollars from hundreds, if not thousands of individuals and legal entities.

### THE ENTERPRISE HAS VIOLATED RICO:

14. The Racketeer Influence And Corrupt Organization Act ("RICO") is intended to prohibit and punish racketeering activity conducted by an enterprise consisting of legal and illegal entities and operations.

15. San Juan, the Midland Group and Jackson Loman, comprise an enterprise as defined by 18 U.S.C. §1961(4) because they are legal entities associated in fact although they do not collectively consist of a single legal entity. As described above, the Enterprise has an ascertainable structure which is distinct from the conduct of the pattern of racketeering described above and below. In other words, the Enterprise would still exist without the illegal conduct.

16. As described above, the Enterprise has communicated and transmitted threats with an intent to wrongfully obtain lien reimbursements far in excess of what it is legally entitled to recover under New Mexico law. The Enterprise does this to compel the persons threatened to pay excess amounts as "lien reimbursements" or face meritless litigation. Accordingly, the Enterprise routinely threatens to do an unlawful injury to the person or property of the person threatened. This constitutes extortion as a matter of law. As such, the Enterprise has engaged in a "pattern of racketeering activity" as defined by 18 U.S.C. §1961(5).

17. JPL Law, and all others similarly situated, have suffered financial loss as a result of the Enterprise's pattern of racketeering activity. Accordingly, JPL Law, and all similarly situated individuals and entities, are entitled to recover treble damages, costs of suit and reasonable attorney's fees pursuant to 18 U.S.C. §1964(c).

### CLASS ALLEGATIONS:

18. This Court has jurisdiction over JPL Law's counter-claim and third-party claim

pursuant to 28 U.S.C. §1331 as this case arises under the laws of the United States.

19. This Court has original jurisdiction over these claims by operation of 18 U.S.C. §1964(c).

20. This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. §1367 because all of the other claims are so related to the RICO claims brought herein that they form part of the same case or controversy under Article III of the United States Constitution.

21. Pursuant to Fed. R. Civ. P. 23(a) and (b), JPL Law brings this action on behalf of itself and the putative class which consists of similarly situated persons defined as "all individuals or entities who were coerced by the Enterprise into making lien reimbursement payments in the State of New Mexico which did not include appropriate reductions required under the New Mexico Equitable Subrogation Doctrine."

22. This action is properly maintained as a class action pursuant to Fed. R. Civ. P. 23. JPL Law reserves the right to modify the class and define subclasses if necessary pursuant to discovery conducted hereafter.

23. The members of the putative class are so numerous that their individual joinder is impractical. The precise identities, numbers and addresses of members of the putative class are unknown to JPL Law, although a cursory review of the medical liens filed by the Enterprise in San Juan County shows that they number in the hundreds, if not thousands. The precise numbers and addresses of the putative class members should be known with full and proper discovery to the Enterprise, third parties, and their respective records.

24. There is a well-defined commonality and community of interest in the questions

of fact and law involved affecting members of the putative class. The common questions of fact and law include:

- (a) whether and to what extent the Enterprise notified any person or entity from which it sought medical lien reimbursement of the existence and application of the Equitable Subrogation Doctrine;

- (b) the extent to which the Enterprise threatened individuals and entities with meritless lawsuits in order to coerce lien reimbursement payments in excess of what the Enterprise was entitled to seek;

- (c) the extent to which the Enterprise actually brought meritless litigation against individuals and entities to recover money for lien reimbursements which did not include appropriate reductions required by the Equitable Subrogation Doctrine; and,

- (d) whether the Enterprise engaged in a pattern of racketeering activity by attempting to, and in fact, extorting excessive lien payments.

25. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, and no unusual difficulties are likely to be encountered in the management of this class action. In some cases the damages suffered by individual class members may be relatively small, meaning that the expense and burden of individual litigation makes it impossible for all members of the putative class to individually seek redress for the wrongful conduct alleged.

26. Because JPL Law's claims, and the claims of members of the class, all derive from a common nucleus of operative fact, JPL Law is asserting claims that are typical of the claims for the entire class. JPL Law will fairly and adequately represent and protect the interest of the Class in that it has no interests that are antagonistic to those of the other members of the Class. JPL Law consists of competent and experienced counsel well versed in the prosecution (and defense) of class action litigation.

WHEREFORE JPL Law respectfully requests that the Court deny all of the Plaintiff's claims against it. JPL Law further requests that this Court certify the claims brought in the counterclaim and third-party claim as a class action. JPL Law requests that the Court enter an order awarding it, and the other class members, treble damages, costs and attorney's fees and further requests that this Court enter an injunction prohibiting the Enterprise from engaging in the illegal activity described above and for all such further relief as the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,

LAW OFFICES OF JAMES P. LYLE, P.C.

/s/   James P. Lyle, Attorney
James P. Lyle
1116 Second Street N.W.
Albuquerque, NM   87102
(505) 843-8000  - Telephone
(505) 843-8043  - Facsimile
*Attorney for JPL Law and the Putative Class*

I hereby certify that a true copy of the foregoing pleading was served upon all counsel of record via CM/ECF filing of this pleading with the United States District Court For the District Of New Mexico this 12th day of August, 2019.

/s/   James P. Lyle, Attorney
James P. Lyle