IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAN JUAN REGIONAL MEDICAL CENTER,

       Plaintiff/Counter-Defendant,

and

THE MIDLAND GROUP, JACKSON, LOMAN,
STANDFORD & DOWNEY, P.C.,

       Third-Party Defendants,

    vs.                                             Civ. No. 19-734  MV/JFR

21ST CENTURY CENTENNIAL INSURANCE
COMPANY and JUDY LYNN PARKER,

       Defendants,

and

THE LAW OFFICES OF JAMES P. LYLE, P.C.,
Individually and on Behalf of All Others Similarly
Situated,

       Defendant/Counter-Plaintiff/Third-Party Plaintiff.

## ORDER OVERRULING OBJECTIONS
## AND ADOPTING THE MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on the Motion for Attorney Fees filed October 30, 2020 (Doc. 37) and the Magistrate Judge's Proposed Findings and Recommended Disposition, filed February 2, 2021 (Doc. 44) ("PFRD").  In the PFRD, the Honorable John F. Robbenhaar, United States Magistrate, recommended granting sanctions against The Law Offices of James P. Lyle, P.C. ("JPL Law") and the attorney, James P. Lyle, in the amount of $20,836.64.  Doc. 44.

The issue before the magistrate judge was not whether to award sanctions, but how much to award as a reasonable fee in this case. *See* Doc. 33.[1]

This lawsuit began in state court as a dispute to collect unpaid medical bills from a car accident. Mr. Lyle and JPL Law represented one of the drivers, Defendant Judy Parker, who was treated for her injuries by San Juan Regional Medical Center ("SJRMC"). SJRMC, through its billing agent, The Midland Group ("Midland"), filed a hospital lien for outstanding medical bills in the amount of $15,171.62. Mr. Lyle negotiated a settlement of $50,000 for Parker to be paid by the other driver's insurer ("21st Century"), but Lyle dispersed the proceeds without addressing the lien to resolve his client's unpaid medical bills. After efforts to recover payment for medical bills failed, SJRMC retained Jackson Loman Stanford & Downey, P.C. ("JLSD") to file a collection action in state court. Lyle the removed the case to federal court, alleging a class action RICO counterclaim.

This Court rejected Lyle's counterclaim, dismissed the complaint in this case, and granted Rule 11 sanctions in connection with the filing of this action. Doc. 33. The Court directed the parties to brief the reasonableness of the fees to be awarded. *Id*. at 15. The PFRD resolved the briefing and fee issue in favor of SJRMC, Midland, and JLSD ("the Movants"), and JPL Law and Mr. Lyle timely filed Objections to the PFRD on February 16, 2021 ("Objections"). Doc. 45. The Movants responded on March 2, 2021. Doc. 46. The Court has carefully reviewed the PFRD and the parties' briefing and, as explained below, finds that the magistrate judge's recommendation is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. Therefore, the Court will overrule the objections and adopt the

---

[1] This Court granted the underlying motion for sanctions on October 20, 2020 (Doc. 33), and referred to the magistrate the determination of the amount of fees to be awarded. Doc. 38.

magistrate judge's recommendation to grant sanctions against JPL Law and Mr. Lyle in the amount of $20,836.64.[2]

## I.     Law Regarding Objections to Proposed Findings and Recommendations

District courts may refer dispositive motions to a magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.  28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1).  "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).  When resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

---

[2] Movants did not seek additional fees in connection with the objections filed here.

The Court has considered the Movants' Motion for Fees, JPL's Response and Sur-Reply, the Movants' Reply and Response to the Sur-Reply, as well as JPL's Objections and the Movant's Response in light of the foregoing standards and has conducted a *de novo* review. Based on this review, the Court finds that JPL's Objections to the Magistrate Judge's PFRD are unfounded, and they are overruled. The Court adopts the PFRD and awards fees consistent with the findings and conclusions set forth in the PFRD, with the exception of the clarifications noted herein.

**II.    Analysis**

JPL Law and Mr. Lyle argue that the magistrate judge erred by (1) rejecting their argument that the Movants failed to adequately comply with the mandatory "safe harbor letter" requirements of Rule 11, and (2) failing to make specific findings about eight hours of billable time that the Movants' claimed occurred in less than a 24-hour period. Doc. 45 at 5. JPL Law and Mr. Lyle also reassert the timeliness of their attack against the safe harbor letter, despite the magistrate judge and this Court's previous finding that it was not timely raised. Finally, JPL Law and Mr. Lyle contend that this Court erred in granting the Movant's motion to dismiss on October 20, 2020 (Doc. 33) because if they had been permitted to conduct discovery, they could have established the elements of a RICO claim against the Movants in connection with their illegal debt collection practices. Doc. 45 at 6.

A.    The Timing and Merit of the Challenges Surrounding the Safe Harbor Letter

Mr. Lyle and JPL Law first attempt to escape Rule 11 sanctions by claiming that Movants' Rule 11 safe harbor letter "was sent to the wrong email address" and that "[t]his letter, and any attachments to it, were never received." Doc. 39 at 2. Those statements are belied by Movants' submission of the actual email transmitting the safe harbor letter to the correct email

4

address on August 30, 2019.  Doc. 40-1 at 1 (reflecting correct email address of "pennname").[3] The PFRD contains one factual error, wherein the Court noted the actual email address to contain two "n" letters instead of three, *i.e.*, penname@ prodigy.net, rather than the proper email address of pennname@prodigy.net.  Doc. 44 at 3, 9.  The magistrate judge's mistaken recitation of that email address spelling does nothing to diminish the legal outcome in this case.

First, Movant's documentary evidence of sending their safe harbor letter to the proper email address remains the same.  *See* Doc. 40-1 at 1 (Aug. 30, 2019 email addressed to pennname@prodigy.net).  Second, the real issue and problem with the safe harbor contention is that it is untimely.  This Court need not repeat the problems associated with Mr. Lyle and JPL Law's argument, as the initial Order granting the Movant's motion to dismiss and motion for attorney's fees expressly states that no safe harbor challenge was timely raised.  Doc. 33 at 12 n.1.  Even if it had been, the evidence now before the Court clearly establishes the timeliness of the safe harbor letter, and the timely notice that it provided to Mr. Lyle and JPL Law.  *See* Doc. 10, Doc. 10-1 (Movant's Sept. 3, 2019 motion to dismiss attaching the Aug. 30, 2019 safe harbor letter).  Moreover, the PFRD's recommendation is not dependent or contingent upon the proper email address contention.  Instead, the magistrate judge rightly notes that the safe harbor argument is both untimely and substantively meritless.  Doc. 44 at 3-6, 8-10.  The PFRD also correctly finds that even if the August 30, 2019 email did not reach Mr. Lyle as he contends, Mr. Lyle and JPL Law also received a copy of the same safe harbor letter in connection with the September 3, 2019 motion to dismiss, served upon Mr. Lyle and JPL Law through the Court's CM/ECF system.  Doc. 10-1 (reflecting incorrect email of "penname," but properly filed at Doc.

---

[3] The actual safe harbor letter *attached* to the document with the proper email address reflected in Doc. 40-1 reveals the incorrect email address in the *heading* of that letter.  *See* Doc. 40-1 at 2.  The sent email receipt, however, reflects the proper email address for Mr. Lyle.

10-1); *see also* Doc. 40-2 (Notice of Electronic Filing from September 3, 2019, reflecting proper email address delivery to "pennname").  That CM/ECF notification, which also contained a copy of the August 30, 2019 safe harbor letter, was electronically delivered to Mr. Lyle and JPL Law on September 3, 2019, 21 days before the motion for fees was filed on September 24, 2019.  *See* Doc. 10 (motion to dismiss, filed Sept. 3, 2019); Doc. 20 (motion for sanctions, filed Sept. 24, 2019).  Movants then timely filed the Motion for Rule 11 Sanctions on September 24, 2019 – twenty-five (25) days after first sending the letter by email on August 30, 2019, and twenty-one (21) days after attaching it to the Motion to Dismiss on September 3, 2019.  The Court agrees with the magistrate judge's finding and conclusion that Movants timely served the safe harbor letter twice before they filed their motion for sanctions.

      B.  <u>Reasonableness of Billable Hours from November 12 to November 13, 2019</u>

In granting the Movant's September 24, 2019 motion for sanctions, this Court held they were "entitled . . . to an award of attorney's fees pursuant to Rule 11(b) as a result of Lyle's conduct in filing and continuing to pursue the Lyle Complaint."   Doc. 33 at 14.  Recognizing that the Lyle Complaint was improper from the outset, the Court made clear that the award should broadly include "reasonable attorney's fees, costs, and expenses in defending against the claims in the Lyle Complaint."  *Id.* ("the Court finds that a reasonable and competent attorney would not have believed in the merit of Lyle's class action Rico claim.").  The Court rejects Mr. Lyle and JPL Law's efforts to limit fees to those incurred in connection with the motion to dismiss, as recommended in the PFRD.  Doc. 44 at 11-12.  The Court also finds no error in the magistrate judge's calculations under the Lodestar approach and concludes that reasonable fees include the amounts reflected in the Movant's motion for fees and supporting documentation,

including eight hours billed for drafting a reply brief from November 12 to 13, 2019.  Docs. 37, 37-1.

    C.  Objections to the Motion to Dismiss

Mr. Lyle acknowledges that reconsideration of the October 20, 2020 order granting the Movant's motion to dismiss (Doc. 33) is not timely or appropriately raised here.  Doc. 45 at 7-8 ("JPL does not expect this Court will reconsider its ruling on the Motion to Dismiss, but reasserts these arguments so that the record is clear.").  Mr. Lyle is correct.  The Court will not reconsider its order and denies any request for it to do so.

**III.**   **Conclusion**

In short, following its *de novo* review and having addressed Plaintiff's Objections, the Court finds no fault with the Magistrate Judge's PFRD, except to the extent it erred in conveying a misspelled email address for Mr. Lyle as recorded on CM/ECF.  That issue is not dispositive but is noted to clarify the issue here.

**IT IS THEREFORE ORDERED** that:  (1) Plaintiff's Objections are **OVERRULED** and the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 44) are **ADOPTED**; (2) Movants' Motion for Fees (Doc. 37) is **GRANTED**; and (3) judgment and sanctions shall enter against JLP Law and Mr. James Lyle in this matter, jointly and severally, in the amount of $20,836.64.  To the extent that this amount has not yet been paid to JLSD, the Court orders it to be paid within seven days of this Order.  Failure to do so may result in further sanctions.

                                                                                MARTHA VAZQUEZ
                                                                                UNITED STATES DISTRICT JUDGE